**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J. CRAIG MAUE,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK L. KEATING,<br><br>Defendant. | CIVIL NO. 05-3691(NLH)<br><br>**MEMORANDUM & ORDER** |

**APPEARANCES:**

ANTHONY ARGIROPOULOS
SILLS, CUMMIS & GROSS, P.C.
650 COLLEGE ROAD EAST
PRINCETON, NJ 08540

*Attorney for plaintiff*

GARY W. BOGUSKI
TAYLOR & BOGUSKI LLC
LARCHMONT LAW & PROFESSIONAL CENTER
199 SIXTH AVENUE
P.O. BOX 227
MT. LAUREL, NJ 08054

KATHERINE D. HARTMAN
ATTORNEYS HARTMAN, CHARTERED
505 S. LENOLA ROAD
SUITE 121
MOORESTOWN, NJ 08057-1590

*Attorneys for defendant*

**HILLMAN**, District Judge

This matter having come before the Court on the motion of plaintiff to Enforce Settlement Agreement and Enter Consent Judgment against defendant; and

On November 5, 2008, the Court having been informed that the parties had settled the matter; and

The Court having entered an order[1] dismissing the action "without costs and without prejudice to the right, upon motion and good cause shown, within 60 days, to reopen this action if the settlement is not consummated"; and

The Order further stating, "If any party shall move to set aside this Order of Dismissal as provided in the above paragraph or pursuant to the provisions of Fed. R. Civ. P. 60(b), in deciding such motion the Court retains jurisdiction of the matter to the extent necessary to enforce the terms and conditions of any settlement entered into between the parties."; and

On June 12, 2009, plaintiff having filed his instant motion to enforce the settlement agreement because defendant has allegedly failed to consummate the terms of the settlement; but

The Court not having subject matter jurisdiction to hear plaintiff's motion because: (1) it was not filed within 60 days of the Court's November 5, 2008 Order, (2) the settlement was not part of the record, and (3) plaintiff is not seeking to reinstate the matter, see Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 378 (1994) (finding as a general rule that a federal district court does not retain jurisdiction to enforce a settlement agreement unless the court, typically as part of its order of dismissal, orders the parties to comply with the terms

[1]The order was entered on November 5, 2008, but the body of the order reflects that it was signed on October 5, 2008. The October date appears to be a typographical error, which has no bearing on the outcome of plaintiff's motion.

of the settlement agreement or incorporates terms of a settlement agreement explicitly retaining jurisdiction into one of its orders); Shaffer v. GTE North, Inc., 284 F.3d 500, 503 (3d Cir. 2002) (citing Kokkonen, 511 U.S. at 378) (finding that although "it is of course true that the district court's November 13 Order left it open to either party, 'upon good cause shown, to reinstate the action within sixty (60) days if the settlement is not consummated[,]' . . . reinstatement of an action, which revives the underlying claim and sends the litigants back to the original battlefield, is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms"); Sawka v. Healtheast, Inc., 989 F.2d 138, 141-42 (3d Cir. 1993) (holding that "unless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement"); Washington Hospital v. White, 889 F.2d 1294, 1298-99 (3d Cir. 1989) (stating "a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute"); and

The Court noting that even though the parties entered into an agreement effective March 17, 2009 that stated that if either party breached the settlement agreement, a consent judgment would

be entered by the Court (Dec. of J. Craig Maue ¶ 8), as of January 5, 2009, the Court's subject matter jurisdiction to consider any matter relating to this case had expired, see id., and the parties may not confer subject matter jurisdiction by consent, Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004); and

The Court further noting that plaintiff's recourse for defendant's alleged failure to abide by the terms of the settlement agreement may be to file a new action for breach of contract, see Sawka, 989 F.2d at 140 (assuming arguendo that defendant breached the terms of the settlement agreement, "that is no reason to set the judgment of dismissal aside, although it may give rise to a cause of action to enforce the agreement");

Accordingly,

**IT IS HEREBY ORDERED** on this 17th day of September, 2009 that plaintiff's motion to Enforce Settlement Agreement and Enter Consent Judgment [41] is **DENIED.**[2]

s/ Noel L. Hillman

At Camden, New Jersey NOEL L. HILLMAN, U.S.D.J.

---

[2]The Court properly exercises jurisdiction to determine the scope of its subject matter jurisdiction. Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 905 F.2d 42, 45 (3d Cir. 1990).